UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――
JENSON E GOMEZ-RAMIREZ,
                              Petitioner,

            -v-

SECRETARY KRISTI NOEM, *et al.*,
                              Respondents.
―――――――――――――――――――――――

26-CV-1860 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Petitioner Jenson E Gomez-Ramirez, a native and citizen of El Salvador, entered the United States in 2014. (ECF No. 1 ¶ 15.) He was classified as an Unaccompanied Alien Child upon entry and has been in removal proceedings since July 2014. (*Id.*) On June 25, 2025, Gomez-Ramirez was taken into custody by Immigration and Customs Enforcement ("ICE") officials after being detained at a traffic stop. (*Id.* ¶ 29.) He is currently detained at the Orange County Correctional Facility in Orange County, New York. (*Id.* ¶ 34.) On March 6, 2026, he filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 seeking immediate release or, in the alternative, a prompt bond hearing. (*Id.* at 17.)

    Respondents assert the authority to detain Gomez-Ramirez under 8 U.S.C. § 1225(b)(2)(A) (ECF No. 4 at 1), a provision of the Immigration Nationality Act pursuant to which detention is typically mandatory. In *Yang v. Almodovar*, this Court concluded that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), governs detention of noncitizens like Gomez-Ramirez, who have been living in the United States. No. 25-CV-10265, 2025 WL 3678644, at *1 (S.D.N.Y. Dec. 18, 2025). As this Court stated in *Yang*, other courts have overwhelmingly reached the same conclusion. *Id*. (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *2-

1

4 (S.D.N.Y. Oct. 28, 2025); *Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2-5 (S.D.N.Y. Nov. 4, 2025); *Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1-2 (S.D.N.Y. Nov. 18, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); *Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896, at *6-8 (S.D.N.Y. Dec. 15, 2025)).

Respondents concede that there is no basis to distinguish this case from *Yang* as it pertains to the statutory authority for detention. (ECF No. 4 at 2.) And for the reasons explained in *Yang* and in many of the other cases decided in this district, the Court concludes that Gomez-Ramirez was not subject to mandatory detention under § 1225(b), and instead "may be subject to detention only as a matter of discretion under § 1226(a)." *Yang*, 2025 WL 3678644, at *1 (quoting *Lopez Benitez*, 795 F. Supp. 3d at 491). Accordingly, because § 1226(a) affords detained noncitizens "the right to an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention," *Tumba Huamani*, 2025 WL 3079014, at *2, and because such a determination was not made prior to Gomez-Ramirez's being detained, such detention violates his rights under the Due Process Clause.

Respondents argue, however, that this case departs from *Yang* as it pertains to the appropriate remedy. (ECF No. 4 at 3-4.) The Suffolk County Police Department has identified Gomez-Ramirez as a confirmed MS-13 gang member. (ECF No. 4-5 at 6-7.) He had previously been detained by ICE (ECF No. 4-4) but was released on bond in 2019 (ECF No. 4-6). Subsequently, on October 9, 2024, Gomez-Ramirez was convicted of six vehicle-related charges, including driving under the influence, aggravated unlicensed operation of a motor vehicle, fleeing an accident after hitting a police car, failing to yield, and driving without a license. (ECF No. 4-7.) Gomez-Ramirez was subsequently detained on June 24, 2025. (ECF No. 4 at 3.) On

August 8, 2025, an immigration judge ("IJ") denied bond upon a finding that Gomez-Ramirez is subject to mandatory detention under § 1225(b) and that Gomez-Ramirez presents a danger to the community.  (ECF No. 4-9.)  Respondents contend that, in light of this criminal history, the appropriate remedy is a bond hearing as opposed to outright release.  (ECF No. 4 at 3-4.)  Gomez-Ramirez urges that release is the appropriate remedy and that a criminal history "does not change the analysis."  (ECF No. 6 at 2.)

The Court agrees with Respondents that a bond hearing is the appropriate remedy under these circumstances.  As Respondents have shown through arrest warrants and copies of Gomez-Ramirez's criminal record, Gomez-Ramirez has a long arrest record, alleged serious gang affiliations, and recent convictions for vehicular-related crimes.  Gomez-Ramirez does not address these allegations.  "Under the circumstances, release would be an inappropriate remedy."  *Jimenez v. Joyce*, No. 26-CV-429, 2026 WL 251889, at *1 (S.D.N.Y. Jan. 30, 2026).  Instead, "[c]onsistent with the treatment of individuals arrested and held for detention based on the exercise of officers' judgment under § 1226(a), the proper remedy is an individualized hearing before an Immigration Judge, who can promptly address [Gomez-Ramirez's] personal circumstances and any appropriate bond conditions that are proposed."  *Id.*; *see also Li v. Noem*, No. 26-CV-00989, 2026 WL 366849, at *1-2 (S.D.N.Y. Feb. 10, 2026); *Quinteros Moran v. Joyce*, No. 25-CV-9645, 2025 WL 3632895, at *4 (S.D.N.Y. Dec. 15, 2025).

Accordingly, the petition is GRANTED in part, and Respondents are hereby ordered to provide Gomez-Ramirez with a bond hearing before an Immigration Judge, to be scheduled within seven days, subject to Gomez-Ramirez's counsel's availability.  If no bond hearing is held within that time, and Gomez-Ramirez has not consented to an extension, then Gomez-Ramirez shall be released immediately.  The hearing should be an individualized one, subject to the

normal procedures applicable prior to the BIA's decision in *Matter of Hurtado*, and should consider Gomez-Ramirez's personal circumstances, Gomez-Ramirez's ability to pay, any non-bond alternatives to detention, and any appropriate bond conditions that may mitigate any perceived risk of danger or flight.

    Respondents shall furnish a copy of this order to the IJ who conducts the bond hearing, and shall inform this Court of the disposition of Gomez-Ramirez's bond hearing no later than one business day after it occurs, with any audio recording or transcript to be furnished as soon as possible thereafter.

    SO ORDERED.

Dated: March 16, 2026
       New York, New York

                                              J. PAUL OETKEN
                                              United States District Judge